UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN K. BURKS, INDIVIUDALLY AND
ON BEHALF OF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED                                           PLAINTIFF

VS.                                      CIVIL ACTION NO. __3:19-cv-161 CWR-LRA__

B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5                                                     DEFENDANTS

**NOTICE OF REMOVAL OF DEFENDANTS
B & W ENTERPRISES, LLC AND WILLIAM WOODYARD**

TO:     Gerald Mumford
        The Mumford Law Firm, PLLC
        P.O. Box 683
        Jackson, MS 39205

        J. Ashley Ogden
        James W. Smith, Jr.
        Ogden & Associates, PLLC
        500 East Capitol Street, Suite 3
        Jackson, Mississippi 39201

        Zack Wallace
        Hinds County Circuit Clerk
        P.O. Box 327
        Jackson, MS 39205

You are hereby notified that Defendants B & W Enterprises, LLC and William Woodyard give Notice of Removal of this civil action from the Circuit Court of Hinds County, Mississippi, First Judicial District to the United States District Court for the Southern District of Mississippi, Northern Division. In support of removal, Defendants respectfully state as follows:

1

## I. JURISDICTION AND VENUE

1. On November 26, 2018, Plaintiff John K. Burks (hereinafter "Plaintiff"), filed his Complaint in the civil action styled *John K. Burks, Individually and on Behalf of All Other Wrong Death Beneficiaries of Kejoncee Burks, Deceased versus B & W Enterprises, LLC; William Woodyard, Individually; Labriea Robbins, Individually; and John Does 1-5;* Cause No. 18-675, in the Circuit Court of Hinds County, Mississippi, First Judicial District.

2. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

3. The United States District Court for the Southern District of Mississippi, Northern Division is the proper venue for this matter since the matter is removed from the Circuit Court of Hinds County, Mississippi.

4. Defendant B & W Enterprises was served with process on February 6, 2019, and therefore, less than thirty (30) days, as calculated under applicable law, has elapsed since it was served with process.

5. Defendant William Woodyard was served with process on February 1, 2019, and therefore less than thirty (30) days, as calculated under applicable law, has elapsed since he was served with process.

6. This Notice of Removal has been filed within one (1) year after commencement of the action to be timely within the provisions of 28 U.S.C. § 1446(b).

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

7. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, since the proper parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff, John K. Burks is a resident citizen of Madison County, Mississippi. See Exhibit "A," Circuit Court File, Complaint at ¶ 1.

9. Defendant B & W Enterprises, LLC is a limited liability company, organized in the state of Arkansas, with its principal place of business in Star City Arkansas. See Exhibit "A," Circuit Court File, Complaint at ¶ 2. See also, Entity Details from Arkansas Secretary of State, Exhibit B. Michael Booker and Justin Witcher are the sole members of B & W Enterprises, LLC. Both are resident citizens of Star City, Arkansas.

10. Defendant William Woodyard is a resident citizen of Lincoln County, Arkansas. See Exhibit "A," Circuit Court File, Complaint at ¶ 3.

11. At the time of the filing of the Complaint, Defendant Labriea Robbins is alleged to be a citizen of Hinds County, Mississippi. (Defendants believe that Robbins is not a citizen of Hinds County and do not waive any rights to a future Motion for Change of Venue). However, as shown herein, Robbins was joined by Plaintiff without any purpose to prosecute the action in good faith against her. Further the Plaintiff has no possible basis for recovery against Robbins. Therefore, Robbins was improperly joined in this action solely in order to defeat diversity of citizenship jurisdiction in this matter. Accordingly, Robbins must be disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. § 1441.

**Standard for Removal**

12. The removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 6646-7 (5th Cir. 2003). In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by

the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004). Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.*

### Improper Joinder of Labriea Robbins

13.   Critical facts regarding the subject accident are omitted from Plaintiff's complaint and the Court should consider them. At the time of the accident, Plaintiff's decedent, Kejoncee Burks, was an unlicensed 13-year-old minor, driving a vehicle owned by Defendant Labriea Robbins, with Robbins' permission, while Robbins was sitting in the front passenger seat. See accident report, Exhibit C. Defendants are informed that Labriea Robbins is a relative of Kejoncee Burks and, at the time of the accident, Robbins and Burks **were members of the same household, residing at the same address.** See Accident Report, Exhibit "C" (Note - Kejoncee Burks is mistakenly referred to as Keyjohnson Burks in the Accident Report). This Court, when conducting an improper joinder analysis, is permitted to pierce the pleadings in cases where a has pled insufficient facts to make out a plausible claim for relief as to the in-state defendant. *Gray v. Border Express Servs., Ltd.,* 2012 U.S. Dist. LEXIS 614, *13, 2012 WL 12385.

14. In the recitation of the facts of the accident, Plaintiff makes no mention of Labriea Robbins except to note that Kejoncee Burks was driving her vehicle. Exhibit "A", Complaint at ¶ 10. The only allegation regarding Labriea Robbins in Plaintiff's complaint is one claim:

> The Plaintiff charges the Defendant, Labriea Robbins, with failure to keep the tires of her vehicle properly inflated. Kejoncee Burks, Deceased, was driving Robbins' vehicle at the time of the subject incident. The improperly inflated tires contributed to the Plaintiff's injuries.

Exhibit A, Complaint at ¶ 17.

15. "Failure to inflate tires" is such a vague and unprovable allegation that it is clearly a sham, made against Robbins only to defeat diversity jurisdiction in this matter. This sham allegation also clearly shows that the Plaintiff has no purpose to prosecute the action against Robbins in good faith.

16. Also, while Plaintiff claims punitive damages against Defendants B & W Enterprises, LLC and Woodyard, he but does not claim such against Robbins. See Exhibit A, Complaint at ¶ 22.

17. Labriea Robbins has filed an answer and cross claim against Defendants. In response to the sole allegation against her, Robbins pleads:

> Defendant denies the allegations of the facts stated in paragraph seventeen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

Exhibit "A," Answer and Cross-Claim of Labriea Robbins at ¶ 17.

18. Robbins also denies any negligence on her part in her responses to paragraphs 7, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21 and 22 of Plaintiff's Complaint. Exhibit A, Answer of Labriea Robbins at noted paragraphs. In her cross-claim, Robbins claims that the negligence of Defendants B & W Enterprises, LLC and Woodyard was the sole cause of her alleged injuries and damages. Exhibit A, Cross-Claim of Labriea Robbins at ¶¶ 1-16.

19. It is well-established that removal is appropriate if a Court finds that a resident defendant was joined **without any purpose to prosecute the action in good faith . . .** and with the purpose of fraudulently defeating . . .a right of removal." *Gray v. Border Express Servs., Ltd.*, 2012 U.S. Dist. LEXIS 614, *16, 2012 WL 12385, citing *Joe v. Minn. Life Ins. Co.*, 272 F. Supp. 2d 603, 605 (S.D. Miss. 2003) (citing *Wilson v. Republic Iron & Steel, Co.*, 257 U.S. 92, 99, 66 L. Ed. 144, 42 S. Ct. 35 (1921)).

20. Therefore, from the claims pled in this action and from the information contained in the accident report, it is clear that Robbins was joined without any purpose to prosecute the claim against her in good faith. Further, there is no reasonable basis to predict that Plaintiff might be able to obtain relief against Robbins in a Mississippi court. Plaintiff has no possibility of recovering against Robbins on the claims asserted. As such, Robbins must be disregarded as a party to this action for purposes of this removal.

### III.  AMOUNT IN CONTROVERY

21. The matter in controversy in this matter clearly exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs. This case seeks damages for wrongful death and includes damages recoverable under said statute. See Exhibit A, Complaint at ¶ 21. The complaint also seeks damages for "physical injuries, medical bills, emotional distress, mental anguish, loss of consortium, mental trauma and emotional injuries suffered by Plaintiff and the decease, conscious pain and suffering and other injuries…" *Id.*

22. Plaintiff's Complaint also demands an unspecified amount of punitive damages. Plaintiffs' claim for an unspecified amount of punitive damages alone is sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law. "Federal courts sitting in Mississippi have routinely held that unspecified claims for punitive damage sufficiently serve to bring the amount in

controversy over the requisite jurisdiction threshold set out in 28 U.S.C. § 1332." *Beene v. Dihn*, No. CIV. 108CV1331HSOJMR, 2009 WL 605113, at *2-3 (S.D. Miss. Mar. 6, 2009) (quoting *Conner v. First Family Financial Services, Inc.,* No. 4:01cv242, 2002 WL 31056778, at *8 (N.D. Miss. August 28, 2002)). *See also Brasell v. Unumprovident Corp.*, 2:01CV202-D-B, 2001 WL 1530342, at *2 (N.D. Miss., Oct. 25, 2001) (*citing St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcel v. Poole Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)). *See also Montgomery v. First Family Fin. Serv. Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002).

## VI. CONCLUSION

23. A copy of all process, pleadings and orders previously filed in the Circuit Court of Hinds County, Mississippi, is attached hereto as Exhibit "A" to this pleading.

24. Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being filed with the Clerk of the First Judicial District of the Circuit Court of Hinds County, Mississippi, and written notice of the filing of this Notice or Removal is being given directly to all parties or through their counsel of record.

25. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Hinds County, Mississippi.

WHEREFORE, PREMISES CONSIDERED, Defendants B & W Enterprises, LLC and William Woodyard request this Court to properly assume full jurisdiction over this matter as provided by law.

Respectfully submitted, this the 1st day of March, 2019.

        B & W ENTERPRISES, LLC and
        WILLIAM WOODYARD


  BY: */s/ G. Marin Street, Jr.*
     ROBERT S. MINK (Miss. Bar No. 9002)
     G. MARTIN STREET, JR. (Miss. Bar No. 7971)
     MINK & MINK, PLLC
     5760 I-55 North, Suite 300
     Jackson, MS 39211
     (601)351-9335
     rob@minklaw.com
     mstreet@minklaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this date, I delivered a copy of the foregoing by U. S. Mail, electronic mail or both to the following:

Gerald Mumford
The Mumford Law Firm, PLLC
P.O. Box 683
Jackson, MS 39205

*Counsel for Plaintiff*

J. Ashley Ogden
James W. Smith, Jr.
Ogden & Associates, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201

*Counsel for Defendant/Cross-Plaintiff Labreia Robbins*

Zack Wallace
Hinds County Circuit Clerk
P.O. Box 327
Jackson, MS 39205

This the 1st day of March, 2019.

By:   /s/ G. Martin Street, Jr.
      Robert S. Mink
      G. Martin Street, Jr.