## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**JOHN K. BURKS, INDIVIDUALLY AND**
**ON BEHALF ALL OTHER**
**WRONGFUL DEATH BENEFICIARIES**
**OF KEJONCEE BURKS, DECEASED**                         **PLAINTIFF**

**VS.**                                        **CAUSE NO.:** 18-675

**B & W ENTERPRISES, LLC;**
**WILLIAM WOODYARD, INDIVIDUALLY;**
**LABRIEA ROBBINS, INDIVIDUALLY;**
**AND JOHN DOES 1-5**                              **DEFENDANTS**

### COMPLAINT FOR PERSONAL INJURY
### AND WRONGFUL DEATH
*Jury Trial Requested*

Comes now the Plaintiff, John K. Burks, Individually and on Behalf of All Other

Wrongful Death Beneficiaries of Kejoncee Burks, Deceased, by and through his attorney of

record  and files this his Complaint against the Defendants; B & W Enterprises, LLC; William

Woodyard, Individually;  Labriea Robbins, Individually; and, John Does 1-5; and in support

thereof states the following

### PARTIES

1.      Plaintiff, John K. Burks (hereinafter "Plaintiff"), is an adult resident

citizen of Madison County, Mississippi. Plaintiff is the father of Kejoncee Burks, Deceased, and

is authorized to represent all other wrongful death beneficiaries of Kejoncee Burks, Deceased.

2.      Defendant, B & W Enterprises, LLC (hereinafter "B & W Enterprises") is a

foreign corporation believed to be organized and existing under the laws of the State of Arkansas

and doing business in Mississippi. Defendant may be served process through its registered Agent

for Service of Process, Michael Booker, 15901 Highway 425 N., Star City, AR 71667. Also,

1



pursuant to Mississippi Code Ann. §13-3-63 and Mississippi Rules of Civil Procedure Rule 4, Defendant may be served with process by serving the Mississippi Secretary of State as agent for the Mississippi non-resident at its office located at 202 N. Congress Street, 2nd floor, Jackson, MS 39201.

3.      Defendant, William Woodyard, (hereinafter "Woodyard") is an adult resident citizen of Lincoln County, Arkansas. Process may be served in this cause on the Defendant by serving him personally or via certified mail at his residence located at 775 Ivester Road, Grady, Arkansas 71644 or at the business address of B & W Enterprises, LLC at 15901 Highway 425 N., Star City, AR 71667.

4.      Defendant, Labriea Robbins (hereinafter "Robbins") is an adult resident citizen of Hinds County, Mississippi. Process may be served in this cause on the Defendant by serving her personally or via certified at her residence located at 731 North Jefferson Street, Jackson, Mississippi 39202.

5.      The Defendants, John Does 1-5, are entities, companies or persons, whose names and whereabouts at this time are unknown to the Plaintiff but may be added at a later date.

### JURISDICTION AND VENUE

6.      Plaintiff incorporates by reference the preceding paragraphs.

7.      This civil action arises out of the negligent acts and omissions of the Defendants committed whole or in part in Madison County, Mississippi against a resident of Yazoo County, Mississippi. One of the Defendants, Labriea Robbins, resides or conduct business in Hinds County, Mississippi.

8.      Venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3 since one of the Defendants, Labriea Robbins, resides in Hinds County, Mississippi.

2

9.    This suit arises from Defendants' negligent actions. This court has jurisdiction over the parties and subject matter of this litigation, as Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this Court.

## FACTS

10.    That on or about December 29, 2017, Kejoncee Burks was driving and operating a vehicle owned by Labriea Robbins in a lawful, careful and prudent manner and had been traveling westbound on Mississippi Highway 16 in Madison County, Mississippi. Defendant Woodyard was driving and operating his tractor-trailer headed westbound on Highway 16 directly behind Burks. Burks had slowed down and turned on her left turn signal and was attempting to turn left into a private drive. Defendant Woodyard was following too closely and was unable to stop. He struck the back of the Plaintiff's car while she was preparing to turn left. Defendant Woodyard carelessly, recklessly, negligently and without warning failed to yield and failed to keep a proper distance and violently collided with the left side of Burks' vehicle, causing Burks' vehicle to spin around and come to a final rest west of the area of the collision and south of Highway 16. Woodyard failed to yield, was not keeping a proper look out, not maintaining proper distance, was traveling at speeds too fast for the conditions, was operating a cell phone or other mechanical device, not paying attention, and acting as a distracted driver. Defendant was also operating his tractor trailer in violation of the Federal Motor Carrier Safety Regulations. Woodyard suddenly, carelessly, recklessly, negligently, and without warning failed to yield, timely slow down and/or stop, causing his vehicle to collide with Burks' vehicle at a high rate of speed.

11.    That as a direct proximate result of the careless, reckless and negligent acts of Woodyard, Burks was caused to be thrown about in the vehicle at a high rate of speed and was

caused to suffer serious and permanent injuries to her person. The Plaintiff would show that Burks suffered serious physical injuries which eventually resulted in her death.

12.     Plaintiff would show that Burks had to be treated by doctors and other practitioners and was caused to suffer great physical and emotional pain, severe shock and intense mental anguish, and eventually died as a result of the injuries she sustained in this accident. The Plaintiff, John K. Burks, Individually and on Behalf of All Other Wrongful Death Beneficiaries of Kejoncee Burks, Deceased, was caused to suffer emotional distress, mental anguish, mental trauma, emotional injuries, conscious pain and suffering, medical bills, and other damages as a result of Kejoncee Burks' injuries and death due to the negligence of the Defendants.

## CAUSES OF ACTION
## NEGLIGENCE OF B & W ENTERPRISES, LLC

13.     Plaintiff alleges that all of the aforesaid negligence of driver  Defendant Woodyard may be directly imputed to the Defendant, B & W Enterprises, LLC, through vicarious liability of the company for the employees' actions. Plaintiff charges the driver Woodyard and B & W Enterprises, since he was believed to be acting within the scope and course of his employment with B & W Enterprises, with gross and reckless negligence in failing to yield, failing to keep and maintain a proper lookout, following too close, not maintaining proper distance, not maintaining proper speed, with gross and reckless negligence in failing to keep and maintain his vehicle under free and easy control, with gross and reckless negligence in operating his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others, with gross and reckless negligence in losing control of his vehicle causing it to collide with the vehicle being driven by Burks, with gross and reckless negligence in driving his vehicle

into Burks' vehicle, with negligence for using his cell phone and/or other handheld electronic device while operating a vehicle in a manner to be unsafe, acting as a distracted driver, and with gross and reckless negligence for violation of various Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations. Plaintiff charges that as a direct and proximate result of the multiple acts of gross and reckless negligence of driver Woodyard, the Plaintiff and Burks were caused to suffer the aforesaid injuries and damages.

14.     Plaintiff alleges that all of the aforesaid negligence of driver Woodyard is directly imputed to the Defendant, B & W Enterprises, because the vehicle driven by Woodyard was owned by B & W Enterprises, for the purpose of B & W Enterprises' business and driver Woodyard was then, and at all times complained of, the agent, employee and servant of the aforesaid B & W Enterprises and was acting in the furtherance of the business of the aforesaid B & W Enterprises and within the course and scope of his employment.

15.     Plaintiff further charges Defendant B & W Enterprises with these independent acts of negligence; with negligently failing to supervise its employee and/or the driver; negligent retention of the driver; failing to provide driver safety training courses to its employee and/or the driver; failing to instruct its employee and/or the driver on safe driving habits; failing to have a driver safety review board and training board; failing to stress safe driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other handheld electronic device while attempting to operate a vehicle; failure to train the driver to maintain proper lookout, proper distance, proper speed, proper control; failure to train and prevent the driver from speeding; negligent maintenance; negligent repair; lack of proper equipment including mechanical issues and inadequate tires; bad brakes; not having an updated inspection on the vehicle; negligent

entrustment; violation of its policies and procedures; and failing to comply with the Federal

Motor Carrier Safety Regulations, the Mississippi Rules of the Road, and with general

negligence in the maintenance, use, and operation of the tractor trailer. Plaintiff alleges that the

negligent acts of B & W Enterprises and Woodyard were the direct and proximate cause of

Plaintiff's and Burks' injuries and damages. Plaintiff alleges that B & W Enterprises' and

Woodyard's various violations of the Federal Motor Carrier Safety Regulations and Mississippi

Rules of the Road and any other acts of negligence that have not been exposed but may be found

during discovery were the direct and proximate cause of Plaintiff's and Burks' injuries and

damages. Plaintiff alleges that the independent negligent acts of Defendant B & W Enterprises

were the direct and proximate cause of Plaintiff's and Burk's injuries and damages.

## NEGLIGENCE OF WILLIAM WOODYARD, INDIVIDUALLY

16. The Plaintiff charges the Defendant, Woodyard, with failure to yield,

failing to maintain proper speed, failing to maintain proper lookout, failing to maintain proper

control of his vehicle, failing to maintain a proper distance between his vehicle and the vehicle

being driven by Burks, exceeding the speed limit, careless driving in violation of Mississippi

Code section 63-3-1213, reckless driving in violation of Mississippi Code section 63-3-1201,

failing to follow traffic safety regulations, not properly maintaining his tractor-trailer,

mechanical issues and issues related to the maintenance and servicing of his vehicle. Plaintiff

also charges Defendant with gross and reckless negligence in failing to yield, failing to keep and

maintain a proper lookout, with gross and reckless negligence in failing to keep and maintain his

vehicle under free and easy control, with gross and reckless negligence in operating his vehicle

in a manner as to indicate a willful and wanton disregard for the safety of others, with gross and

reckless negligence in losing control of his vehicle causing it to collide with Burks' vehicle, with

gross and reckless negligence in driving his vehicle into Burks' vehicle, with negligence for

using his cell phone and/or other handheld electronic devices while operating a vehicle in a

manner to be unsafe, negligence per se, with gross and reckless negligence for violation of

various Mississippi state statutes and rules of the road and violations of the Federal Motor

Carrier Safety Regulations, with any other general acts of negligence that may exist but may not

be known until discovery, and Plaintiff charges that as a direct and proximate result of the

several acts of gross and reckless negligence of the Defendants, the Plaintiff and Burks were

caused to suffer the aforesaid injuries and damages.

### NEGLIGENCE OF LABRIEA ROBBINS, INDIVIDUALLY

17.    The Plaintiff charges the Defendant, Labriea Robbins, with failure to keep the

tires of her vehicle properly inflated. Kejoncee Burks, Deceased, was driving Robbins' vehicle at

the time of the subject incident. The improperly inflated tires contributed to the  Plaintiff's

injuries. Plaintiff charges that as a direct and proximate result of the negligence of the Defendant,

Robbins, the Plaintiff and Burks were caused to suffer the aforesaid injuries and damages.

### NEGLIGENCE OF JOHN DOES 1-5

18.    Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

19.    John Does 1-5 are entities, companies or persons whose names and identities are

unknown at this time to the Plaintiff but who may have been working in conjunction or in a joint

venture or as a partner with the Defendants and may be responsible for the damages caused to the

Plaintiff. This may include brokers, the owners of the load being hauled, owners, managers and

others involved with the loading and unloading of the tractor-trailer. The John Doe Defendants

may have participated in this incident and/or may be jointly and severally liable to the Plaintiff

for the injuries and damages sustained by the Plaintiff and Burks. Plaintiff will amend the

complaint to add the names of the parties who may be John Does when that information becomes available.

## DAMAGES

20.     Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

21.     This suit is filed pursuant to Mississippi law and Plaintiff claims all damages which may be recoverable under said statutes. In addition and without limitation, the Plaintiff claims any and all damages of every type and variety permitted by law including damages for physical injuries, medical bills, emotional distress, mental anguish, loss of consortium, mental trauma and emotional injuries suffered by Plaintiff and the deceased, conscious pain and suffering and other injuries as a result of Kejoncee Burks' injuries and death.

## PUNITIVE DAMAGES

22.     Plaintiff asserts the independent and imputed acts of Defendant, B & W Enterprises, LLC were willful, wanton, malicious and grossly negligent. Plaintiff requests punitive damages from the Defendant B & W Enterprises, LLC. Plaintiff asserts the independent acts of Defendant, William Woodyard, were willful, wanton, malicious and grossly negligent. Plaintiff requests punitive damages from the Defendant William Woodyard, Individually.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a trial by jury and judgment from the Defendants, individually, jointly and severally, for all actual, compensatory, consequential, incidental damages and all other damages in an amount that exceeds the jurisdictional minimum limits of this court and an amount of punitive damages in an amount which is to be determined by a jury as well as damages of any other type, for the injuries sustained by Plaintiff. Plaintiff prays for any general relief as required under the law.

**RESPECTFULLY SUBMITTED**, this the 20th day of November, 2018.

> **JOHN K. BURKS, INDIVIDUALLY
> AND ON BEHALF OF ALL OTHER
> WRONGFUL DEATH BENEFICIARIES
> OF KEJONCEE BURKS, DECEASED**
>
> **By:**  _Gerald A. Mumf_
>
> **GERALD A. MUMFORD**

OF COUNSEL:

Gerald Mumford, Esq. (MSB# 101902)
THE MUMFORD LAW FIRM, PLLC
820 North Street
Post Office Box 683
Jackson, Mississippi 39205
Telephone: 601-398-2347
Facsimile: 888-801-9389
gerald@themumfordfirm.com

9

Case: 25CI1:18-cv-00675-AHW     Document #: 2-1     Filed: 11/26/2018     Page 1 of 2

| **COVER SHEET** **Civil Case Filing Form** *(To be completed by Attorney/Party Prior to Filing of Pleading)* | Court Identification Docket Number | Case Year | Docket Number |
|---|---|---|---|

Court Identification Docket Number: 2 5 C I 1
County #   Judicial   Court ID
District  (CH, CI, CO)

Case Year: 2 0 1 8

Docket Number: 6 7 5
Local Docket ID

1 1 2 6 1 8
Month   Date   Year
This area to be completed by clerk

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

Case Number if filed prior to 1/1/94

IN THE CIRCUIT ___ COURT OF HINDS ___ COUNTY

Short Style of Case: John K. Burks, Ind. and o/b/o Wrongful Death Beneficiaries of Keioncee Burks, Decased vs. B&W Enterprises, LLC, et al.    MS Bar No. 101902

Party Filing Initial Pleading: Type/Print Name
___ Check (✓) if Not an Attorney      ___ Check (✓) if Pro Hac Vice    Signature   Gerald A. Mumf___

Compensatory Damages Sought: $ ___      Punitive Damages Sought: $ ___

Is Child Support contemplated as an issue in this suit? ___Yes ___No    If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual  Burks ___ John ___ ( ___ ) K ___
        Last Name      First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

Address of Plaintiff
✓ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of  Keioncee Burks, Decased
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
   D/B/A / Agency ___

Business ___
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
   D/B/A: ___

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual ___ ___ ( ___ ) ___ ___
        Last Name      First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
   Estate of ___
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
   D/B/A / Agency ___

Business  B & W Enterprises, LLC
        Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
   D/B/A: ___    Pro Hac Vice (✓) ___

ATTORNEY FOR THIS DEFENDANT: ___ Bar No. ___ or ___ Name: ___
        (If known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- ☐☐ Accounting (Business)
- ☐☐ Bankruptcy
- ☐☐ Business Dissolution - Corporation
- ☐☐ Business Dissolution - Partnership
- ☐☐ Debt Collection
- ☐☐ Employment
- ☐☐ Examination of Debtor
- ☐☐ Execution
- ☐☐ Foreign Judgment
- ☐☐ Garnishment
- ☐☐ Pension
- ☐☐ Receivership
- ☐☐ Replevin
- ☐☐ Stockholder Suit
- ☐☐ Other ___

**Domestic Relations**
- ☐☐ Child Custody/Visitation
- ☐☐ Child Support
- ☐☐ Contempt
- ☐☐ Divorce: Fault
- ☐☐ Divorce: Irreconcilable Differences
- ☐☐ Domestic Abuse
- ☐☐ Emancipation
- ☐☐ Modification
- ☐☐ Paternity
- ☐☐ Property Division
- ☐☐ Separate Maintenance
- ☐☐ Termination of Parental Rights
- ☐☐ UIFSA (formerly URESA)
- ☐☐ Other ___

**Contract**
- ☐☐ Breach of Contract
- ☐☐ Installment Contract
- ☐☐ Insurance
- ☐☐ Product Liability under Contract
- ☐☐ Specific Performance
- ☐☐ Other ___

**Probate**
- ☐☐ Accounting (Probate)
- ☐☐ Birth Certificate Correction
- ☐☐ Commitment
- ☐☐ Conservatorship
- ☐☐ Guardianship
- ☐☐ Heirship
- ☐☐ Intestate Estate
- ☐☐ Minor's Settlement
- ☐☐ Muniment of Title
- ☐☐ Name Change
- ☐☐ Power of Attorney
- ☐☐ Testate Estate
- ☐☐ Will Contest
- ☐☐ Other ___

**Statutes/Rules**
- ☐☐ Bond Validation
- ☐☐ Civil Forfeiture
- ☐☐ Declaratory Judgment
- ☐☐ ERISA
- ☐☐ Eminent Domain
- ☐☐ Extraordinary Writ
- ☐☐ Federal Statutes
- ☐☐ Injunction or Restraining Order
- ☐☐ Municipal Annexation
- ☐☐ Racketeering (RICO)
- ☐☐ Railroad
- ☐☐ Seaman
- ☐☐ Other ___

**Appeals**
- ☐☐ Administrative Agency
- ☐☐ County Court
- ☐☐ Hardship Petition (Driver License)
- ☐☐ Justice Court
- ☐☐ MS Employment Security Comm'n
- ☐☐ Municipal Court
- ☐☐ Oil & Gas Board
- ☐☐ Workers' Compensation
- ☐☐ Other ___

**Children and Minors - Non-Domestic**
- ☐☐ Adoption - Noncontested
- ☐☐ Consent to Abortion for Minor
- ☐☐ Removal of Minority
- ☐☐ Other ___

**Torts-Personal Injury**
- ☐☐ Bad Faith
- ☐☐ Fraud
- ☐☐ Loss of Consortium
- ☐☐ Malpractice - Legal
- ☐☐ Malpractice - Medical
- ☐☐ Negligence - General
- ☐✓ Negligence - Motor Vehicle
- ☐☐ Products Liability
- ☐☐ Wrongful Death
- ☐☐ Other ___

**Mass Tort**
- ☐☐ Asbestos
- ☐☐ Chemical Spill
- ☐☐ Dioxin
- ☐☐ Hand/Arm Vibration
- ☐☐ Hearing Loss
- ☐☐ Radioactive Materials
- ☐☐ Other ___

**Real Property**
- ☐☐ Adverse Possession
- ☐☐ Ejectment
- ☐☐ Eminent Domain
- ☐☐ Judicial Foreclosure
- ☐☐ Lien Assertion
- ☐☐ Partition
- ☐☐ Receiver Appointment
- ☐☐ Tax Sale: Confirmation/Cancellation
- ☐☐ Title, Boundary &/or Easement
- ☐☐ Other ___

**Civil Rights**
- ☐☐ Elections
- ☐☐ Habeas Corpus
- ☐☐ Post Conviction Relief
- ☐☐ Prisoner
- ☐☐ Other ___

Case: 25CI1:18-cv-00675-AHW   Document #: 2-1   Filed: 11/26/2018   Page 2 of 2

IN THE <u>CIRCUIT</u>   COURT OF <u>HINDS</u>   COUNTY, MISSISSIPPI

<u>FIRST</u>   JUDICIAL DISTRICT, CITY OF <u>JACKSON</u>

Docket No._____-_____   _____   Docket No. If Filed
　　　　　　　File Yr　　　Chronological No.　　　Clerk's Local ID　　Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of 1 Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual:** <u>Woodyard</u>　　　<u>William</u>　　　( _____ ) _____　_____
　　　　　　Last Name　　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** <u>Robbins</u>　　　<u>Labriea</u>　　　( _____ ) _____　_____
　　　　　　Last Name　　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** <u>Does 1-5</u>　　　<u>John</u>　　　( _____ ) _____　_____
　　　　　　Last Name　　　　　First Name　　　　Maiden Name, if Applicable　　Middle Init.　　Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

　　Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

　　D/B/A _____

**Business** _____
　　　　　Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

　　D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT**

**JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED**                                        **PLAINTIFF**

**VS.**                                                        **CAUSE NO.:** 18-675

**B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5**                                                **DEFENDANTS**

<u>**SUMMONS**</u>

**STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:     William Woodyard
        775 Ivester Road, Grady, Arkansas 71644
        or at the business address of B & W Enterprises, LLC
        15901 Highway 425 N
        Star City, AR 71667

<u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

        Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

        ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
Nov, 2018.

                                ZACK WALLACE, CIRCUIT CLERK
                                P.O. BOX 327, JACKSON, MS 3920

                        BY: _Karla Bailey_

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED**                                    **PLAINTIFF**

**VS.**                                                    CAUSE NO.: 18-675

**B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5**                                            **DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:     Michael Booker, Agent for Service of Process for
        B & W Enterprises, LLC
        15901 Highway 425 N.
        Star City, AR 71667

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

    Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

    ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
NOV, 2018.

                                        ZACK WALLACE, CIRCUIT CLERK
                                        P.O. BOX 327, JACKSON, MS 39205

                            BY: _____, D.C.

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED                                        **PLAINTIFF**

**VS.**                                            CAUSE NO.: 18-675

B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5                                                  **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:   Labriea Robbins
      731 North Jefferson Street
      Jackson, Mississippi 39202

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
_____, 2018.

                                    ZACK WALLACE, CIRCUIT CLERK
                                    P.O. BOX 327, JACKSON, MS 39205

                            BY: _____ D.C.

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED                                    **PLAINTIFF**

VS.                                                    CAUSE NO.: 18-675

B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5                                            **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:    Labriea Robbins
       731 North Jefferson Street
       Jackson, Mississippi 39202

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

    Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

    ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
Nov, 2018.

ATTEST A TRUE COPY

NOV 28 2018

ZACK WALLACE, CIRCUIT CLERK
BY: Karla Bailey D.C.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

BY: Karla Bailey

PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served: _Labriea Robbins_

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    ( ) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the _17_ day of _January_ 2018 to: _Labriea Roobins_ , where I found said person in _Hinds_ County in the State of Mississippi. _731 N. Jefferson St Jackson, MS_

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2018, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 2018, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _25.00_

Process server must list below: {Please print or type}
Name _Jackie Reid_
Address: _____
Telephone No. _____

State of Mississippi
County of _Hinds_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Jackie Reed_ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Jackie Reid_
Process Server (signature)

    Sworn to and subscribed before me this the _22nd_ day of _January_ , 2018.

_Victoria Weeks_
NOTARY PUBLIC                    (SEAL)

MY COMMISSION EXPIRES:

STATE OF MISSISSIPPI
VICTORIA WEEKS
NOTARY PUBLIC
ID No. 124550
Commission Expires
June 28, 2022
HINDS COUNTY

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED                                    **PLAINTIFF**

VS.                                                    **CAUSE NO.:** 18-675

B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5                                             **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:    William Woodyard
      775 Ivester Road, Grady, Arkansas 71644
      or at the business address of B & W Enterprises, LLC
      15901 Highway 425 N
      Star City, AR 71667

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
_____, 2018.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

BY: _____

PROOF OF SERVICE — SUMMONS

Name of Person or Entity Served: *William Woodyard*

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

X PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the *1* day of *February* 2018 to: *William Woodyard*, where I found said person in *Lincoln* County in the State of ~~Mississippi~~. *AR.*

( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2018, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2018, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ *85⁰⁰*

Process server must list below: [Please print or type}
Name    **Eagle Eye Investigation &**
Address:        **Security,LLC**
Telephone No.    5670  I-55 South Byram, Mississippi
                    39272-9402
State of Mississippi
County of _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_Jenny Pare_
Process Server (signature)

Sworn to and subscribed before me this the *6* day of *February*, 2019

_Natalie Pace Renard_
NOTARY PUBLIC                          (SEAL)

MY COMMISSION EXPIRES:

*October 23, 2020*

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118156
NATALIE PACE RENARD
Commission Expires
Oct. 23, 2020
LINCOLN COUNTY

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF KEJONCEE BURKS, DECEASED                          **PLAINTIFF**

VS.                                          CAUSE NO.: 18-675

B & W ENTERPRISES, LLC;
WILLIAM WOODYARD, INDIVIDUALLY;
LABRIEA ROBBINS, INDIVIDUALLY;
AND JOHN DOES 1-5                                   **DEFENDANTS**

### SUMMONS

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:   Michael Booker, Agent for Service of Process for
      B & W Enterprises, LLC
      15901 Highway 425 N.
      Star City, AR 71667

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
Gerald Mumford whose address is 820 North Street, Post Office Box 683, Jackson, Mississippi 39205

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 28 day of
NOV , 2018.

ATTEST A TRUE COPY

NOV 28 2018

ZACK WALLACE, CIRCUIT CLERK
BY: _Karla Bailey_ D.C.

ZACK WALLACE, CIRCUIT CLERK
P.O. BOX 327, JACKSON, MS 39205

BY: _Karla Bailey_ D.C.

PROOF OF SERVICE - SUMMONS

Name of Person or Entity Served: *Michael Booker*

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set fourth below (Process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used)

    ( ) FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid) copies to the person served, together with the copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attached completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B)

    (X) PERSONAL SERVICE. I have personally delivered copies of the summons and complaint on the *6* day of *Feb.* , 20*19* to: *1590l Hwy 425 Star City, AR,* where I found said person in *Lincoln* County in the State of ~~Mississippi.~~ *AR.*

    ( ) RESIDENCE SERVICE. After due diligence I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2018, at the usual place of abode of said _____, by leaving a true copy of said summons and complaint with _____, who is the _____, a member of the family of the person served above the age sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2018, I mailed (by first class mail, postage prepaid) copies to the person served at his or her place of abode where the copies were left.

    ( ) CERTIFIED MAIL SERVICE. By mailing to an address outside of Mississippi (by first class mail, postage prepaid, requiring return receipt) copies to the person to be served. (Attach signed return receipt or other evidence of actual delivery to the person to be served.)

Fee for Service $ _____

Process server must list below (Please print or type)

Name    **Eagle Eye Investigation & Security,LLC**
Address **5670 I-55 South Byram,Mississippi**
Telephone No.   **39272-9402**

State of Mississippi
County of *Hinds*

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named *Natalie Pace* who by me first being duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

*Natalie Pace*
Process Server (signature)

    Sworn to and subscribed before me this the *6* day of *2-6 —* , 2018.

*Jimmy Pace*
NOTARY PUBLIC     (SEAL)

MY COMMISSION EXPIRES:

*Oct 23 2020*

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118155
JIMMY R. PACE
Commission Expires
Oct. 23, 2020
HINDS COUNTY

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

| | |
|---|---|
| **JOHN K. BURKS, INDIVIDUALLY AND ON BEHALF ALL OTHER WRONGFUL DEATH BENEFICIARIES OF KEJONCEE BURKS, DECEASED** | **PLAINTIFF** |
| **VS.** | **CAUSE NO.: 18-675** |
| **B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY; LABREIA ROBBINS, INDIVIDUALLY; AND JOHN DOES 1-5** | **DEFENDANTS** |
| **AND** | |
| **LABREIA ROBBINS** | **CROSS-PLAINTIFF** |
| **VS.** | **CAUSE NO.: 18-675** |
| **B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY; AND JOHN DOES 1-5** | **CROSS-DEFENDANTS** |

## ANSWER, DEFENSES, AND CROSS-COMPLAINT
## OF DEFENDANT LABREIA ROBBINS

COME NOW, Defendant, Labreia Robbins, Individually (hereinafter referred to as "Robbins") by and through counsel, and responds to the Complaint with her Answer, Defenses, and Cross-Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted regarding this Defendant and, therefore, the allegations against this Defendant should be dismissed with prejudice pursuant to Rule 12(b) (6) of the Mississippi Rules of Civil Procedure.

### SECOND DEFENSE

This Defendant denies each and every allegation of Plaintiff's Complaint not specifically

admitted or otherwise pled against this Defendant herein.

### THIRD DEFENSE

The sole proximate cause of Plaintiff's alleged damages is a result of the acts and/or omissions of persons and or entities other than this Defendant, for which this Defendant is not liable.

### FOURTH DEFENSE

Pursuant to Rules 8 and 12(b) of the Mississippi Rules of Civil Procedure, this Defendant affirmatively pleads all defenses identified therein.

### FIFTH DEFENSE

This Defendant was not guilty of any act or want of care constituting negligence, and in no way caused or contributed to the incident in question or any alleged damages sustained by Plaintiff.

### SIXTH DEFENSE

This Defendant would affirmatively plead Miss. Code Ann.§ 85-5-7 (1972) as amended, and would aver that the acts or omissions of others, for whom this Defendant has no responsibility or liability, are the sole proximate, or contributing, cause of the Plaintiff's injury and that a jury must be allowed to assess the proportionate share of fault to said parties and/or participants.

### SEVENTH DEFENSE

This Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to her which may become applicable through discovery and through the trial of this cause.

## EIGHTH DEFENSE

The facts not having been fully developed, this Defendant adopts the following affirmative defenses:  sole negligence of another defendant, contributory negligence of another defendant, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause, including, but not limited to, the right to claim indemnity from any or all of the other defendants and to file a cross-claim or other pleading to assert said claim. Defendant further adopts the affirmative defenses enumerated under Rule 8 (c) of the Mississippi Rules of Civil Procedure Rule, as well as the protections afforded to her as provided by Miss. Code Ann. §11-1-60, and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (i.e., pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in the Plaintiff's Complaint.

## NINTH DEFENSE

Without waiving any other affirmative defense and pleading in the alterative, this Defendant invokes the provisions of Miss. Code Ann. §11-1-65 and all rights afforded to Defendant as stated therein.

## TENTH  DEFENSE

Although denying that the Plaintiff is entitled to punitive damages from this Defendant, or any relief whatsoever as against this Defendant, this Defendant affirmatively pleads that:

(1)      An award of punitive damages against this Defendant in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution.

(2)      An award of punitive damages would violate Article I, Section X of the United States Constitution; and

(3)     The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## ELEVENTH DEFENSE - ANSWER

Without waiving any of the above-referenced or foregoing defenses, Defendant denies each and every allegation contained therein, unless specifically admitted hereafter:

1.

Defendant is without sufficient knowledge to form a belief as to the truth of the matter asserted in paragraph 1 of the Complaint.

2.

Defendant is without sufficient knowledge to form a belief as to the truth of the matter asserted in paragraph 1 of the Complaint.

3.

Defendant is without sufficient knowledge to form a belief as to the truth of the matter asserted in paragraph 1 of the Complaint.

4.

Admitted.

5.

Defendant is without sufficient knowledge to form a belief as to the truth of the matter asserted in paragraph 5 of the Complaint.

6.

Denied as to any admission of negligence against this Defendant. All other parts are admitted.

7.

Denied as to any admission of negligence against this Defendant. All other parts are admitted.

8.

Admitted.

9.

Defendant admits that the suit arises due to the negligence of the other listed Defendants but this Defendant denies any negligence on her part. The remaining allegations are admitted.

10.

Defendant admits the allegations of the facts stated in paragraph ten but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

11.

Defendant admits the allegations of the facts stated in paragraph eleven but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

12.

Defendant admits the allegations of the facts stated in paragraph twelve but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

13.

Defendant admits the allegations of the facts stated in paragraph thirteen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted

negligently. Any other remaining allegations in this paragraph are denied.

14.

Defendant admits the allegations of the facts stated in paragraph fourteen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

15.

Defendant admits the allegations of the facts stated in paragraph fifteen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

16.

Defendant admits the allegations of the facts stated in paragraph sixteen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

17.

Defendant denies the allegations of the facts stated in paragraph seventeen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

18.

Defendant denies the allegations of the facts stated in paragraph eighteen and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

19.

Defendant is without sufficient knowledge to form a belief as the nature, existence

and/or extent of these claims and denies the same. The remaining allegations are denied.

20.

Defendant denies the allegations of the facts stated in paragraph twenty and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

21.

Defendant denies the allegations of the facts stated in paragraph twenty-one and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently. Any other remaining allegations in this paragraph are denied.

22.

Defendant denies the allegations of the facts stated in paragraph twenty-two as to this Defendant and asserts the other listed Defendants are negligent but denies any facts that would assert this Defendant acted negligently or in any manner relating to punitive damages. Any other remaining allegations in this paragraph are denied.

23.

In response to the last unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED" this Defendant denies all allegations of the paragraph.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Answer be received and that a Judgment be entered in Defendant's favor denying the relief requested by the Plaintiffs and dismissing this action with prejudice. Defendant also prays for any other relief to which she may be entitled.

**AND NOW HAVING ANSWERED THE COMPLAINT**, Defendant Labreia Robbins asserts her Cross Complaint against other known and unknown defendants as follows:

### CROSS COMPLAINT OF DEFENDANT/CROSS-PLAINTIFF LABREIA ROBBINS AGAINST CROSS-DEFENDANTS B & W ENTERPRISES, LLC AND WILLIAM WOODYARD, INDIVIDUALLY

*TRIAL BY JURY REQUESTED*

COMES NOW, Defendant/Cross-Plaintiff, Labreia Robbins, Individually (hereinafter referred to as "Robbins" and "Cross-Plaintiff") by and through counsel, and files this her Cross-Complaint against Defendant/Cross-Defendant B & W Enterprises, LLC and Defendant/Cross-Defendant William Woodyard, Individually; and John Does 1-5 and in support of her Cross Complaint states as follows:

### PARTIES

1.      Cross-Plaintiff, Labreia Robbins, is an adult resident citizen of Hinds County, Mississippi.

2.      Cross-Defendant, B & W Enterprises, LLC is a foreign corporation believed to be organized and existing under the laws of the State of Arkansas and doing business in Mississippi. Defendant may be served process through its registered Agent for Service of Process, Michael Booker, 15901 Highway 425 N., Star City, AR 71667. Also, pursuant to Mississippi Code Ann. §13-3-63 and Mississippi Rules of Civil Procedure Rule 4, Defendant may be served with process by serving the Mississippi Secretary of State as agent for the Mississippi non-resident at its office located at 202 N. Congress Street, 2nd floor, Jackson, MS 39201.

3.      Cross-Defendant, William Woodyard, is an adult resident citizen of Lincoln County, Arkansas. Process may be served in this cause on the Defendant by serving him personally or via certified mail at his residence located at 775 Ivester Road, Grady, Arkansas

71644 or at the business address of B & W Enterprises, LLC at 15901 Highway 425 N., Star City, AR 71667.

    4.     Cross-Defendants, John Does 1-5, are entities, companies or persons, whose names and whereabouts at this time are unknown to the Plaintiff but may be added at a later date.

## JURISDICTION AND VENUE

    5.     This civil action arises out of the negligent acts and omissions of the Cross-Defendants committed whole or in part in Madison County, Mississippi against a resident of Yazoo County, Mississippi and a resident of Hinds County, Mississippi.

    6.     Venue is proper in Hinds County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3 since Defendant/Cross-Plaintiff, Labreia Robbins, resides in Hinds County, Mississippi.

    7.     The Cross-Complaint arises from Cross-Defendants' negligent actions. This Court has jurisdiction over the parties and subject matter of this litigation. The Cross-Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this Court.

## FACTS

    8.     That on or about December 29, 2017, Kejoncee Burks was driving and operating a vehicle in a lawful, careful and prudent manner and was traveling westbound on Mississippi Highway 16 in Madison County, Mississippi. Defendant/Cross-Plaintiff, Labreia Robbins, was a passenger in the vehicle. Cross-Defendant Woodyard was driving and operating his tractor-trailer headed westbound on Highway 16 directly behind Burks and Robbins. Burks was slowing down and turned on her left turn signal and was attempting to turn left into a private drive. Cross-Defendant Woodyard was following too closely and was unable to stop. He struck the back of the Plaintiff's and Cross-Plaintiff's car while it was preparing to turn left. Cross-Defendant Woodyard carelessly, recklessly, negligently and without warning failed to yield and failed to

keep a proper distance and violently collided with the left side of Burks' vehicle, causing Burks' vehicle to spin around and come to a final rest west of the area of the collision and south of Highway 16. Woodyard failed to yield, was not keeping a proper look out, not maintaining proper distance, was traveling at speeds too fast for the conditions, was operating a cell phone or other mechanical device, not paying attention, and acting as a distracted driver. Woodyard was also operating his tractor trailer in violation of the Federal Motor Carrier Safety Regulations. Woodyard suddenly, carelessly, recklessly, negligently, and without warning failed to yield, timely slow down and/or stop, causing his vehicle to collide with Burks' vehicle at a high rate of speed.

9.      That as a direct proximate result of the careless, reckless and negligent acts of Woodyard, Robbins was caused to be thrown about in the vehicle at a high rate of speed and was caused to suffer serious and permanent injuries to her person. The Cross-Plaintiff Robbins suffered serious physical injuries to her body, face and brain, including permanent disfigurement, great physical and emotional pain, severe shock and intense mental anguish, emotional distress, mental anguish, mental trauma, emotional injuries, conscious pain and suffering, medical bills, and other damages due to the negligence of the Cross-Defendants.

### NEGLIGENCE OF B & W ENTERPRISES, LLC

10.      Cross-Plaintiff alleges that all of the aforesaid negligence of driver Cross-Defendant Woodyard may be directly imputed to Cross-Defendant, B & W Enterprises, LLC, through vicarious liability of the company for the employee's actions. Cross-Plaintiff charges the driver Woodyard and owner B & W Enterprises, since Woodyard was acting within the scope and course of his employment with B & W Enterprises, with gross and reckless negligence in failing to yield, failing to keep and maintain a proper lookout, following too close, not

maintaining proper distance, not maintaining proper speed, with gross and reckless negligence in

failing to keep and maintain his vehicle under free and easy control, with gross and reckless

negligence in operating his vehicle in a manner as to indicate a willful and wanton disregard for

the safety of others, with gross and reckless negligence in losing control of his vehicle causing it

to collide with the vehicle being driven by Burks, with gross and reckless negligence in driving

his vehicle into Cross-Plaintiff's vehicle, with negligence for using his cell phone and/or other

handheld electronic device while operating a vehicle in a manner to be unsafe, acting as a

distracted driver, and with gross and reckless negligence for violation of various Mississippi state

statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations.

Cross-Plaintiff charges that as a direct and proximate result of the multiple acts of gross and

reckless negligence of driver Woodyard, the Cross-Plaintiff was caused to suffer the aforesaid

injuries and damages.

     11.     Cross-Plaintiff alleges that all of the aforesaid negligence of driver Cross-

Defendant, Woodyard, is directly imputed to the Cross-Defendant, B & W Enterprises, because

the vehicle driven by Woodyard was owned by B & W Enterprises, for the purpose of B & W

Enterprises' business and driver Woodyard was then, and at all times complained of, the agent,

employee and servant of the aforesaid B & W Enterprises and was acting in the furtherance of

the business of the aforesaid B & W Enterprises and within the course and scope of his

employment.

     12.     Cross-Plaintiff further charges Cross-Defendant B & W Enterprises with these

independent acts of negligence; with negligently failing to supervise its employee and/or the

driver; negligent retention of the driver; failing to provide driver safety training courses to its

employee and/or the driver; failing to instruct its employee and/or the driver on safe driving

habits; failing to have a driver safety review board and training board; failing to stress safe

driving habits to its employee and/or the driver; encouraging the employee's and/or the driver's

unsafe driving habits to further its cause; authorizing the driver to use a cell phone and/or other

handheld electronic device while attempting to operate a vehicle; failure to train the driver to

maintain proper lookout, proper distance, proper speed, proper control; failure to train and

prevent the driver from speeding; negligent maintenance; negligent repair; lack of proper

equipment including mechanical issues and inadequate  tires; bad brakes; not having an updated

inspection on the vehicle; negligent entrustment; violation of its policies and procedures; and

failing to comply with the Federal Motor Carrier Safety Regulations, the Mississippi Rules of the

Road, and with general negligence in the maintenance, use, and operation of the tractor trailer.

Cross-Plaintiff alleges the negligent acts of B & W Enterprises and Woodyard were the direct

and proximate cause of Cross-Plaintiff's injuries and damages. Cross-Plaintiff alleges B & W

Enterprises' and Woodyard's various violations of the Federal Motor Carrier Safety Regulations

and Mississippi Rules of the Road and any other acts of negligence that have not been exposed

but may be found during discovery were the direct and proximate cause of Cross-Plaintiff's

injuries and damages. Cross-Plaintiff alleges the independent negligent acts of Cross-Defendant

B & W Enterprises were the direct and proximate cause of Cross-Plaintiff's injuries and

damages.

## NEGLIGENCE OF WILLIAM WOODYARD

13.    The Cross-Plaintiff charges the Cross-Defendant, William Woodyard, with failure

to yield, failing to maintain proper speed, failing to maintain proper lookout, failing to maintain

proper control of his vehicle, failing to maintain a proper distance between his vehicle and the

vehicle being driven by Burks, exceeding the speed limit, careless driving in violation of

Mississippi Code section 63-3-1213, reckless driving in violation of Mississippi Code section 63-3-1201, failing to follow traffic safety regulations, not properly maintaining his tractor-trailer, mechanical issues and issues related to the maintenance and servicing of his vehicle. Cross-Plaintiff also charges Cross-Defendant with gross and reckless negligence in failing to yield, failing to keep and maintain a proper lookout, with gross and reckless negligence in failing to keep and maintain his vehicle under free and easy control, with gross and reckless negligence in operating his vehicle in a manner as to indicate a willful and wanton disregard for the safety of others, with gross and reckless negligence in losing control of his vehicle causing it to collide with Robbins' vehicle, with gross and reckless negligence in driving his vehicle into Robbins' vehicle, with negligence for using his cell phone and/or other handheld electronic devices while operating a vehicle in a manner to be unsafe, negligence per se, with gross and reckless negligence for violation of various Mississippi state statutes and rules of the road and violations of the Federal Motor Carrier Safety Regulations, with any other general acts of negligence that may exist but may not be known until discovery, and Plaintiff charges that as a direct and proximate result of the several acts of gross and reckless negligence of the Defendants, the Plaintiff and Burks were caused to suffer the aforesaid injuries and damages.  The negligent acts of the employee/agent Cross Defendant, William Woodyard, may be imputed to the Cross Defendant B & W Enterprises through respondiat superior, agency, and vicarious liability.  The negligent acts of Cross Defendant Woodyard committed outside the scope and course of his employment are charged by Cross-Plaintiff an independent acts of negligence.

## NEGLIGENCE OF JOHN DOES 1-5

14.    Cross-Defendant also charges that John Does 1-5 are entities, companies or persons whose names and identities are unknown at this time to the Cross-Plaintiff but who may

have been working in conjunction or in a joint venture or as a partner with the Cross-Defendants

and may be responsible for the damages caused to the Cross-Plaintiff. This may include brokers,

the owners of the load being hauled, owners, managers and others involved with the loading and

unloading of the Cross-Defendants' tractor-trailer. The John Doe Defendants may have

participated in this incident and/or may be jointly and severally liable to the Cross-Plaintiff for

the injuries and damages sustained by the Cross-Plaintiff and Plaintiff. Cross-Plaintiff will

amend the complaint to add the names of the parties who may be John Does when that

information becomes available.

15.    This suit is filed pursuant to Mississippi law and Cross-Plaintiff claims all

damages which may be recoverable under said statutes. In addition and without limitation, the

Cross-Plaintiff claims any and all damages of every type and variety permitted by law including

damages for physical injuries, medical bills, disfigurement, impairment, emotional distress,

mental anguish, mental trauma, and emotional injuries, conscious pain and suffering and other

injuries as a result of Cross-Defendants' negligence.

16.    Cross-Plaintiff asserts the independent and imputed acts of Cross-Defendant, B &

W Enterprises, LLC were willful, wanton, malicious and grossly negligent. Cross-Plaintiff

requests punitive damages from the Cross-Defendant B & W Enterprises, LLC. Cross-Plaintiff

asserts the independent acts of Cross-Defendant, William Woodyard, were willful, wanton,

malicious and grossly negligent. Cross-Plaintiff requests punitive damages from the Cross-

Defendant William Woodyard, Individually.

**WHEREFORE, PREMISES CONSIDERED,** the Cross-Plaintiff, Labreia Robbins,

demands a trial by jury and judgment from the Cross-Defendants, individually, jointly and

severally, for all actual, compensatory, consequential, incidental damages and all other damages

in an amount that exceeds the jurisdictional minimum limits of this court and an amount of

punitive damages in an amount which is to be determined by a jury as well as damages of any

other type, for the injuries sustained by Cross-Plaintiff. Cross-Plaintiff prays for any general

relief as required under the law.

This the 14th day of February, 2019.

Respectfully submitted,

**LABREIA ROBBINS**

By: /s/ J. Ashley Ogden
    J. ASHLEY OGDEN

OF COUNSEL:

J. ASHLEY OGDEN, ESQ. (MSB #9842)
ashleyogden@aol.com
JAMES W. SMITH, JR. ESQ. (MSB #7534)
j.smith@ogdenandassoc.com
OGDEN & ASSOCIATES, PLLC
500 East Capitol Street, Suite 3
Jackson, Mississippi 39201
Telephone: (601) 969-0999
Facsimile: (601) 969-0089
ATTORNEYS FOR DEFENDANT/CROSS-PLAINTIFF, LABREIA ROBBINS

### CERTIFICATE OF SERVICE

I, J. Ashley Ogden, hereby notify that I have this day electronically filed the foregoing document with the Clerk of Court using the MEC/ECF system which will send notification of such filing to:

> Gerald Mumford, Esq.
> gmumfordlaw@gmail.com
> The Mumford Law Firm, PLLC
> 820 North Street
> Post Office Box 683
> Jackson, Mississippi 39205
> Attorney for John K. Burks, Individually and
> on Behalf of All Other Wrongful Death Beneficiaries
> of Kejoncee Burks, Deceased

THIS, the 14th day of February, 2019.

/s/ J. Ashley Ogden
J. ASHLEY OGDEN

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
### OF HINDS COUNTY, MISSISSIPPI

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER WRONGFUL DEATH
BENEFICIARIES OF KEJONCEE BURKS, DECEASED                    **PLAINTIFF**

VS.                                                  **CAUSE NO.: 18-675**

B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY;
LABREIA ROBBINS, INDIVIDUALLY;  AND JOHN DOES 1-5          **DEFENDANTS**

AND

LABREIA ROBBINS                                      **CROSS-PLAINTIFF**

VS.                                                  **CAUSE NO.: 18-675**

B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY;
AND JOHN DOES 1-5                                    **CROSS-DEFENDANTS**

### SUMMONS

**STATE OF MISSISSIPPI COUNTY OF HINDS**
**TO THE SHERIFF OR ANY OTHER LAWFUL PERSON**

**GREETINGS:**

We command you to summons:

TO:    Michael Booker, Agent for Service of Process for B & W Enterprises, LLC
       15901 Highway 425 N.
       Star City, AR 71667

                           NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

       Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

       You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

       ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 14 day of
February, 2019.

                           ZACK WALLACE, CIRCUIT CLERK
                           P.O. BOX 327, JACKSON, MS 39205

                    BY: _____, D.C.

**IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI**

JOHN K. BURKS, INDIVIDUALLY AND
ON BEHALF ALL OTHER WRONGFUL DEATH
BENEFICIARIES OF KEJONCEE BURKS, DECEASED                    **PLAINTIFF**

VS.                                                    **CAUSE NO.: 18-675**

B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY;
LABREIA ROBBINS, INDIVIDUALLY;  AND JOHN DOES 1-5           **DEFENDANTS**

AND

LABREIA ROBBINS                                        **CROSS-PLAINTIFF**

VS.                                                    **CAUSE NO.: 18-675**

B & W ENTERPRISES, LLC; WILLIAM WOODYARD, INDIVIDUALLY;
AND JOHN DOES 1-5                                     **CROSS-DEFENDANTS**

<u>SUMMONS</u>

STATE OF MISSISSIPPI COUNTY OF HINDS
TO THE SHERIFF OR ANY OTHER LAWFUL PERSON

GREETINGS:

We command you to summons:

TO:   William Woodyard
      775 Ivester Road, Grady, Arkansas 71644
      or
      15901 Highway 425 N., Star City, AR 71667

<u>NOTICE TO DEFENDANT</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the complaint to:
**J. Ashley Ogden whose address is 500 East Capitol Street, Suite 3, Jackson, Mississippi 39201.**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of
this summons and complaint or a judgment by default will be entered against you for the money or other
things demanded in your complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterwards.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, this the 14th day of
February

                              ZACK WALLACE, CIRCUIT CLERK
                              P.O. BOX 327, JACKSON, MS 39205

                              BY: _____, D.C.